UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EVERLIDYZ BAEZ,

                      Plaintiff,

-against-

UNITED STATES OF AMERICA et al.,
                      Defendants.
------------------------------------------------------------X

20 Civ. 1091 (LGS)

ORDER

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, the Complaint in this case was filed against the United States Veterans' Administration Hospital in Manhattan ("VA Hospital") and non-government Defendants New York University Langone Medical Center and Drs. Barie Salmon, Aaron Hultgren, Gordon Wu, Hassan Mohamed and Carly Ennis, P.A. ("Non-Government Defendants"). Subject matter jurisdiction was predicated on Plaintiff's claims against the VA Hospital under the Federal Tort Claims Act, 28 U.S.C. §§ 1346 and 2674 et seq., and the state-law claims against the Non-Government Defendants were subject to the Court's supplemental jurisdiction.

    WHEREAS, Plaintiff's original Complaint was only against the VA Hospital (Dkt. No. 1), and Plaintiff's First Amended Complaint added claims against the Non-Government Defendants (Dkt. No. 14). The parties represent that the Non-Government Defendants were originally defendants in a similar action in the Supreme Court of New York for New York County, index number 805036/2020 (Dkt. No. 38). Although the Non-Government Defendants characterize their case as "remove[d]" to this Court, they did not file a notice of removal per 28 U.S.C. § 1446(a).

    WHEREAS, Plaintiff's claims against the VA Hospital were settled on February 22, 2021 (Dkt. No. 36), removing supplemental jurisdiction.

WHEREAS, Plaintiff and the Non-Government Defendants request the remaining state-law claims be remanded to state court.  The Court is without authority to remand those claims, as they were not removed to this Court from the Supreme Court in New York County.  *See* 28 U.S.C. §§ 1441(c), 1447; *Vanbrocklen v. Gov't Emps. Ins. Co.*, No. 8 Civ. 254, 2010 WL 3338931, at *1 (N.D.N.Y. Aug. 24, 2010) ("As to [plaintiff's] state-law claims, however, the court is without authority to 'remand' them as requested since they were not removed to this court from the Supreme Court in Rensselaer County."); *Saca v. Dav-El Rsrv. Sys., Inc.*, 600 F. Supp. 2d 483, 484 n.2 (E.D.N.Y. 2009) ("The Court cannot 'remand' claims to state court where the matter was not removed from state court pursuant to 28 U.S.C. § 1446.").

WHEREAS, if "the district court has dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c), "the district court may then undertake the discretionary inquiry of whether to exercise supplemental jurisdiction."  *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 85 (2d Cir. 2018).  "[A] district court should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote . . . economy, convenience, fairness, and comity."  *Id.* (quoting *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004)).  It is hereby

**ORDERED** that by **March 25, 2021**, the parties shall submit a joint letter per the Individual Rules stating their respective positions on whether the Court should exercise supplemental jurisdiction as to Plaintiff's claims against the Non-Government Defendants.

Dated: March 22, 2021
    New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**